FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 14 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

.................................................

UNITED STATES OF AMERICA,

VS.

JOSE LUIS CRUZADO WILSON
True Name: Esmeraldo Vargas

.................................................

JUDGMENT INCLUDING SENTENCE

NO.: __CR 03-1198(S-4)-03 (JG)__
USM# __12575-424__

| Doug Leff | Ronald Tolkin | Lawrence Mark Stern, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant __Jose Luis Cruzado Wilson__ having pled guilty to count two of the superseding indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | COUNT NUMBERS |
|---|---|---|
| 21USC846 AND 841(b)(1)(A) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE | ONE |

The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

___ The defendant is advised of his/her right to appeal within ten (10) days.
___ The defendant has been found not guilty on count(s) and discharged as to such count(s)
_X_ Open counts are dismissed on the motion of the United States.
___ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
_X_ It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

__SEPTEMBER 16, 2005__
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.
Date of signature
A TRUE COPY ATTEST          10-5-05
DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **ONE HUNDRED AND TWENTY-SIX (126) MONTHS.**

__X__ The defendant is remanded to the custody of the United States Marshal.

__XX__ The Court recommends that the defendant be designated to a correctional facility in Florida, if consistent with the Bureau of Prison policy.

____ The defendant shall surrender to the United States Marshal for this District.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ____ -12:00 noon.____.
    _ As notified by the United States Marshal.
    _ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

    _____
    United States Marshal

    By:_____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **FIVE(5) YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

**THE DEFENDANT IS TO PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT; DEFENDANT IS TO COMPLY WITH THE ORDER OF FORFEITURE.**

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

JOSE LUIS CRUZADO WILSON,
    also known as "Esmeraldo
    Vargas," "Manuel Vargas,"
    "Jose Vargas," "Franklin
    Rivero Santana," "Nick"
    and "Vieja,"

    Defendant.

- - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

Cr. No. 03-1198(S-4)(JG)

    WHEREAS, in the Forfeiture Allegation of the Superseding Indictment in the above-captioned case, the United States sought forfeiture pursuant to 21 U.S.C. § 853(a) of any property constituting, or derived from any proceeds that JOSE LUIS CRUZADO WILSON, also known as "Esmeraldo Vargas," "Manuel Vargas," "Jose Vargas," "Franklin Rivero Santana," "Nick" and "Vieja" ("the defendant") obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846; and of any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

    WHEREAS, the defendant entered into a plea agreement with the United States in which he pled guilty to Count Two of the Superseding Indictment, charging a violation of 21 U.S.C. § 846; and

    WHEREAS, at the time of his guilty plea, the defendant

consented to the entry of an Order of Forfeiture with respect to the properties set forth below:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The defendant will forfeit to the United States his interest in the following properties:

   (A) 1996 Green Honda Accord, VIN 1HGCE6643TA002692,

   (B) 1999 Ford Windstar, VIN 2FMZA5149XBA50760,

   (C) 1999 Lincoln Navigator, VIN 5LMPU28L0XLJ25868,

   (D) 1998 Oldsmobile Silhouette, VIN 1GHDX03E9WD179915,

   (E) 2000 Ford Pickup, VIN 1FTWW32F12ED31154,

   (F) 2000 Ford Expedition, VIN 1FMRU1764YLC02955,

   (G) 2001 BMW 325, VIN WBAAV33461EE75789,

   (H) Approximately $1.6 million in United States currency seized on July 23, 2003.

2. The United States Marshals Service for the Eastern District of New York shall deposit all forfeited properties in accordance with applicable laws and regulations.

3. Upon entry of this Order, the United States is authorized to effect seizure and forfeiture of the aforesaid properties and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this Order and its intent to dispose of the properties in such a

manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the properties to be forfeited.

5. Any person, other than the above-named defendant, asserting a legal interest in the properties subject to forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the properties to be forfeited, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Any petition filed by a third party asserting an interest in the properties to be forfeited shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties to be forfeited, the time and circumstances of the petitioner's acquisition of the right, title or interest in the properties to be forfeited, any additional facts supporting the petitioner's claim and the relief sought.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order

shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. In accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is hereby authorized to conduct any discovery necessary to help identify, locate, or dispose of any of the properties subject to forfeiture.

9. The United States shall have clear title to the properties to be forfeited following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

10. The Clerk of Court shall forward six certified copies of this Order to Special Assistant U.S. Attorney Douglas A. Leff, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201, telephone (718)-254-6035.

Brooklyn, New York
Dated: 10-7-05

SO ORDERED:

_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE